UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALTIN NICAJ,

        Plaintiff,

v.

CITY OF NEW YORK,

        Defendant.

**MEMORANDUM & ORDER**

07 Civ. 2382 (LBS)

---

      The above-captioned case is a settled civil rights action in which Plaintiff alleged violation of his rights under 42 U.S.C. § 1983.  The dispute before the Court is whether the City is obligated to pay interest on the attorney's fees that it agreed to pay Plaintiff's counsel because payment was delayed by clerical error.  The Court finds that Plaintiff's counsel is not entitled to interest on the attorney's fees.

      The relevant background of the case is as follows.  The parties entered into a Stipulation and Order of Dismissal signed by the Court on August 13, 2008, which resolved all claims in the complaint except for Plaintiff's claim for attorney's fees.  The attorney's fees claim was subsequently resolved by a stipulation received by Defendant on September 26, 2008 and signed by the Court on November 3, 2008.  Due to a "ministerial error" the attorney's fees check was not sent to Plaintiff's attorney, Mr. Zelman, in a timely manner.  (Letter from City of New York, Jan. 29, 2009.)

      The attorney's fees were paid in full on January 26, 2009.  Mr. Zelman argues that this payment was late and requests that the Court enter a judgment for interest on the attorney's fees starting from September 26, 2008, the date on which the City received the signed stipulation.

1

Because a settlement agreement constitutes a contract, general principles of contract law govern its interpretation. *See Goldman v. Comm'r of Internal Revenue*, 39 F.3d 402, 406 (2d Cir. 1994). When the terms and conditions of a contract are clear and unambiguous, a court must not alter or go beyond the express terms of the parties' agreement. *See Red Ball Interior Demolition Corp. v. Palmadessa*, 173 F.3d 481, 484 (2d Cir. 1999). Thus, when a settlement agreement constitutes all terms agreed upon and does not set a time frame for payment, a plaintiff is not entitled to receive interest on the settlement because of a delay in payment. *Green v. City of New York*, No. 97 Civ. 8191, 2000 U.S. Dist. LEXIS 11691, at *5–*6 (S.D.N.Y. Aug. 16, 2000). In the present case, the stipulation of settlement was silent on the time period within which the City had to submit payment. Because no time period is specified, the agreement does not provide a basis upon which to award interest based on delayed payment.

Mr. Zelman's letter brief does not discuss the terms of the agreement but instead relies upon *Dixon v. City of New York* for the proposition that, under New York state law, the City is obligated to submit payment within 90 days of settlement with interest commencing after the 90 days. No. 01 Civ. 4413, 2002 U.S. Dist. LEXIS 21127, at *2–*3 (S.D.N.Y. Nov. 1, 2002) (citing N.Y. C.P.L.R. 5003-a). The Court does not find *Dixon* persuasive because the opinion did not explain its reason for applying the provision of the C.P.L.R. to the settlement agreement.

The Court looks instead to a case involving a 42 U.S.C. § 1983 claim in which the City did not submit payment until more than 90 days after the entry of the settlement. *Green*, 2000 U.S. Dist. LEXIS 11691, at *3 n.1. The settlement agreement in that case did not provide a date for payment. In denying the application for interest, the court held that the agreement was governed by general contract law and observed that the parties "have not explained why [N.Y. C.P.L.R. 5003-a] is applicable to and governs the case at bar." *Id.*

2

The settlement agreement in this case, like the one in *Green*, contains no provisions on the time period for payment or the applicability of interest, and specifies that the agreement contains all the terms agreed upon by the parties. The Court will not alter or reach beyond the express terms of the parties' agreement. For the foregoing reasons, Mr. Zelman's request for interest on attorney's fees is denied.

SO ORDERED.

Dated: February 26, 2009
New York, NY

_____
U.S.D.J.